## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | )  CR: 25-00014 |
| | ) |
| DECHANTA BENNING | ) |
| | ) |

## PLEA AGREEMENT

Defendant, Dechanta Benning, represented by Defendant's counsel, Brooks K. Hudson, and the United States of America, represented by Assistant United States Attorney David H. Estes, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1.  <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to Counts Three and Four of the Indictment, which charge violations of *18 U.S.C. § 1344 & 2* and Count Eight of the Indictment which charge a violation of *18 U.S.C. 1028A & 2.*

2.  <u>Elements and Factual Basis</u>

The elements necessary to prove the offense charged in Counts Three and Four are (1) that the Defendant knowingly carried out or attempted to carry out a scheme to defraud a financial institution and to get money, assets, or other property from a financial institution by using false or fraudulent pretenses, representations, or promises about a material fact; (2) that the false or fraudulent pretenses, representations, or promises were material; (3) the Defendant intended to defraud

the financial institution; and (4) The financial institution was federally insured or chartered.

The elements necessary to prove the offense charged in Counts Seven and Eight are (1) the Defendant knowingly transferred, possessed, or used another person's means of identification; (2) without lawful authority; and (3) that the Defendant used the means of identification during and in relation to Bank Fraud as alleged in the Indictment.

Defendant agrees that the Defendant is, in fact, guilty of these offenses. The Defendant agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

**A victim of Mail Theft, Jay Duncan, General Manager for SOUTHEAST PUMP SPECIALIST, INCORPORATED (SPS), Augusta, Georgia, contacted the FBI and was interviewed May 31, 2023. He stated that starting in approximately March of 2023, he became aware that checks with a payment for SPS, or outgoing from SPS, were being intercepted, altered, and cashed by individuals living in the Augusta, Georgia area. Specifically, several of the checks were changed to addresses in Augusta and Hephzibah. At that time approximately fifteen checks had been intercepted, altered, and cashed by individuals living in the Augusta, Georgia area. The amounts of these checks totaled approximately $150,000. However, several dozens of**

checks that were inbound for payment to SPS were currently missing and unaccounted for. Duncan provided copies of checks that had been intercepted and altered.

Based on further investigation of the checks and accounts they were deposited into; FBI developed several suspects including the Defendant.

On May 4th, 2023, The Defendant opened JP Morgan Chase Business Complete Checking account #953861876 in the name of "Fresh Kix on Me, LLC" via online application. The Defendant utilized her Georgia Driver's License and her Social Security number to open the bank account. The Defendant was the only signatory on this account.

On May 18th, 2023, fraudulent check #13115 made payable to "Fresh Kix on Me, LLC" was deposited into the Defendant's account #953861876 via mobile deposit. The check was drawn on Enterprise Bank and Trust Account belonging to "Liquidmetal Coatings Enterprises, LLC, P.O Box 24295, Chattanooga, Tennessee" in the amount of $9,800.70. The signature on the endorsement line on the back of the check was "Dechanta Benning". This check was returned on May 23rd, 2023.

Jay Duncan, mentioned above had provided investigators with several checks that were incoming to Southeast Pump Specialist for payment but were intercepted and altered to an unauthorized payee. The aforementioned "Liquidmetal Coatings Enterprises" check was a part of the group of checks that was determined to have been intercepted and altered.

Adrienne Givens is the owner of Wells Fargo Bank Account #7384976705. On May 31st, 2023, the Defendnant deposited a check #13130 for $17,889.26 into Givens Wells Fargo Bank Account #7384976705. The payee on the check was altered to "Superior Tax Agency, LLC., P.O Box 1661, Fairburn, Georgia. Givens is the owner of Superior Tax Agency, LLC. The check was drawn on Enterprise Bank and Trust #1090041571 belonging to "Liquidmetal Coatings Enterprises, LLC, P.O Box 24295, Chattanooga, Tennessee 37422". The Defendant was photographed depositing this check at a Wells Fargo ATM located at 3444 Mike Padgett Highway, Augusta, Georgia.

Check #13130 from "Liquidmetal Coatings Enterprises, LLC" was one of the checks given to investigators by Jay Duncan as part of the group of checks that was determined to have been intercepted and altered. As noted above, these checks were incoming to Southeast Pump Specialist for payment but were intercepted and altered to an unauthorized payee.

Further investigation revealed that the authorized signature on the original and the subsequent altered checks from Liquidmetal Coatings Enterprises, LLC, is H.S. H.S. is the name of the comptroller of Liquidmetal Coatings, LLC., and is the authorized person who signs checks on behalf of Liquidmetal Coatings Enterprises, LLC. H.S. identified her signature as having been forged on the fraudulent checks and she did not authorize the Defendant to use her name.

4

**Further investigation revealed that the Defendant deposited or aided and abetted the deposit of numerous fraudulent and stolen checks in a similar manner. The Defendant did so with the intent to defraud the banks and use the proceeds for her own use and the use of others.**

**Enterprise Bank and Trust, Wells Fargo Bank, and Chase Bank, are institutions whose deposits, at all times during the period of this Indictment, were insured by the Federal Deposit Insurance Corporation.**

3.    <u>Possible Sentence</u>

Defendant's guilty plea will subject the Defendant to the following maximum possible sentence: Counts Three and Four of the indictment is 30 years imprisonment, 5 years' supervised release, a $1,000,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets, and Count Eight is not less than 2 years imprisonment, consecutive to any term of imprisonment imposed for Count Three and Four respectively in this case, 3 years supervised release, and a $250,000 fine. The Court additionally must impose a $100 special assessment per count of conviction.

4.    <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the Government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw

Defendant's plea of guilty if the Defendant receives a more severe sentence than the Defendant expects.

5.    Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6.    Agreements Regarding Sentencing Guidelines

a.    Use of Information

Nothing in this agreement precludes the Government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. Any incriminating information provided by the Defendant during the Defendant's cooperation will not be used in determining the applicable Guidelines range, pursuant to Section 1B1.8 of the Sentencing Guidelines.

6

b.    Acceptance of Responsibility

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the Government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

c.    Amount of Loss

The Government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that the amount of loss, for purposes of Section 2B1.1 of the Sentencing Guidelines, is more than $550,000 but less than $1,500,000.

d.    Low End of Guidelines Range

The Government will recommend that Defendant be sentenced to the low end of the advisory Guidelines range determined by the Court at sentencing.

7.    Dismissal of Other Counts

At sentencing, the Government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

8.    Cooperation

a.    Complete and Truthful Cooperation Required

If the Defendant cooperates, the Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in Defendant's Indictment and any related offenses. Defendant shall fully and truthfully disclose Defendant's knowledge of those offenses and shall fully and

7

truthfully answer any question put to her by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. Defendant's benefits under this agreement are conditioned only on Defendant's cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

b.    <u>Motion for Reduction in Sentence Based on Cooperation</u>

The Government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the Government that the Defendant's sentence be reduced.

9.    <u>Forfeiture</u>

a.    Defendant waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the Government to facilitate transfer of title of the Subject Property to the Government. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed. Defendant hereby withdraws that filing.

b.    Defendant agrees to hold the Government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case.    Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d.    Defendant waives and abandons Defendant's interest in any other property that may have been seized in connection with this case.    Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case.    Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

10.    <u>Financial Obligations and Agreements</u>

a.    <u>Restitution</u>

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty.  Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

9

b.   Special Assessment

Defendant agrees to pay a special assessment in the amount of $300.00, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

c.   Required Financial Disclosures

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all Defendant's assets and financial interests, whether held directly or indirectly, solely or jointly, in Defendant's name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

d.   Financial Examination

Defendant will submit to an examination under oath on the issue of Defendant's financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

10

e.    <u>No Transfer of Assets</u>

Defendant certifies that Defendant has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations or forfeiture created by this Agreement or that may be imposed upon Defendant by the Court at sentencing. Defendant promises that Defendant will make no such transfers in the future.

f.    <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

g.    <u>Enforcement</u>

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations and forfeiture imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

11

11.    Waivers

    a.    Waiver of Appeal

Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of Defendant's sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

    b.    Waiver of Collateral Attack

Defendant entirely waives Defendant's right to collaterally attack Defendant's conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

    c.    FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the

authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

       d.     <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a Defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or Defendant's plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

12.    <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which Defendant will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

15.    <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that Defendant's attorney has represented Defendant faithfully,

skillfully, and diligently, and Defendant is completely satisfied with the legal advice given and the work performed by Defendant's attorney.

16.    <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw Defendant's guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the Government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the Government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

17.    <u>Entire Agreement</u>

This agreement contains the entire agreement between the Government and Defendant.

MARGARET E. HEAP
UNITED STATES ATTORNEY

09/29/25
_____
Date

David H. Estes
Georgia Bar No. 361822
First Assistant United States Attorney

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

9/29/25
_____
Date

_Dehanta Bennig_
_____
Defendant

I have fully explained to Defendant all of Defendant's rights, and I have carefully reviewed each and every part of this agreement with Defendant. I believe that Defendant fully and completely understands it, and that Defendant's decision to enter into this agreement is an informed, intelligent, and voluntary one.

9/29/25
_____
Date

_____
Defendant's Attorney

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA )
)
)
v. ) CR: 25-00014
)
DECHANTA BENNING )
)
)

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in
conjunction with the interrogation by the Court of the Defendant and the
Defendant's attorney at a hearing on the Defendant's motion to change Defendant's
plea and the Court finding that the plea of guilty is made freely, voluntarily and
knowingly, it is thereupon,

ORDERED that the plea of guilty by Defendant be, and it is, hereby accepted
and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This _8th_ day of _October_ 2025.

_____
J. RANDAL HALL
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA